IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
Civ. No.  05 - 649  JNE/JGL

UNITED STATES OF AMERICA,          )
                                   )
                Plaintiff,         )
                                   )
        v.                         )
                                   )
BASHIR MOGHUL,                     )
                                   )
                Defendant.         )
_____)

## COMPLAINT OF THE UNITED STATES
## FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff United States of America ("United States"), on behalf of the United States Environmental Protection Agency ("U.S. EPA") and the Department of Housing and Urban Development ("HUD"), through its undersigned counsel, alleges as follows:

### PRELIMINARY STATEMENT

1.    This is a civil action for declaratory and injunctive relief brought against Bashir Moghul ("Defendant") for violations of the Residential Lead-Based Paint Hazard Reduction Act of 1992 ("Lead Hazard Reduction Act"), 42 U.S.C. §§ 4851-4856, and the Toxic Substances Control Act, 15 U.S.C. §§ 2601-2692 ("TSCA").

2.    The Lead Hazard Reduction Act is intended to, among other things, protect tenants (particularly children under the age of six) from lead poisoning by requiring the owners and managing agents of residential properties to warn tenants about any known presence of lead-based paint and lead-based paint hazards, and to provide prospective tenants with certain information about how to protect themselves and their families against the dangers of lead poisoning.  Defendant violated the Lead Hazard Reduction Act by failing to make the required disclosures, thereby denying many

SCANNED
MAR 3 0 2005
U.S. DISTRICT COURT MPLS

families residing in the subject properties described below the opportunity to take steps to protect themselves and their children from lead poisoning.

3.    Section 1018(b)(5) of the Lead Hazard Reduction Act, 42 U.S.C. § 4852d(b)(5), states that it is a violation of Section 409 of the Toxic Substances Control Act ("TSCA"), 42 U.S.C. § 2689, to fail to comply with a rule issued under 42 U.S.C. § 4852d.

4.    TSCA Section 11(c), 15 U.S.C. § 2610(c), provides U.S. EPA with the authority to issue subpoenas to gather evidence to review compliance with the Lead Hazard Reduction Act.

5.    Defendant failed to comply with U.S. EPA's September 26, 2002 TSCA subpoena until contacted by the U.S. Attorney's office.

6.    By this action, the United States seeks to enjoin Defendant from further violations of the Lead Hazard Reduction Act and TSCA.

## JURISDICTION AND VENUE

7.    This Court has jurisdiction over the subject matter pursuant to 28 U.S.C. §§ 1331, 1345, and 1367(a), 42 U.S.C. § 4852d(b)(2) and (5), and 15 U.S.C. § 2616.

8.    Venue is proper in the District of Minnesota pursuant to 28 U.S.C. § 1391(b) and (c) because the lawsuit involves actions that took place, and most of the subject properties are located, in the District of Minnesota.

## PARTIES

9.    Plaintiff is the United States of America, acting at the request of and upon behalf of the U.S. EPA and HUD.

10.   Defendant owns and/or manages residential rental units in buildings located in Minnesota, Wisconsin and Indiana.

- 2 -

## GENERAL ALLEGATIONS

### A.   Applicable Laws and Regulations

11.   In 1992, Congress enacted the Lead Hazard Reduction Act.

12.   The purpose of the Lead Hazard Reduction Act is, among other things, (A) "to encourage effective action to prevent childhood lead poisoning by establishing a workable framework for lead-based paint hazard evaluation and reduction"; (B) "to ensure that the existence of lead-based paint hazards are taken into account in the . . . sale, rental, and renovation of homes and apartments"; and (C) "to educate the public concerning the hazards and sources of lead-based paint poisoning and steps to reduce and eliminate such hazards." 42 U.S.C. § 4851a.

13.   The Lead Hazard Reduction Act and its implementing regulations, found at 24 C.F.R. Pt. 35, Sbpt. A, and 40 C.F.R. Pt. 745, Sbpt. F, require, among other things, lessors of residential properties subject to the Lead Hazard Reduction Act to provide certain information to tenants when a new lease is entered into or, if the lease predates the effective date of the Lead Hazard Reduction Act, at the first change to the terms of an existing lease after the effective date of the Lead Hazard Reduction Act, such as a rent increase. See 24 C.F.R. §§ 35.88 and 35.92 and 40 C.F.R. §§ 745.107 and 745.113.

14.   Lessors are required to disclose or provide to each tenant, among other things, the following information:

   a.   Any known information concerning lead-based paint and lead-based paint hazards;

   b.   Any records or reports available to the lessors pertaining to lead-based paint and lead-based paint hazards; and

   c.   A lead hazard information pamphlet approved by U.S. EPA.

15.   In addition, lessors are required to include in each contract for a lease or as an attachment to the lease, among other things:

a.   A Lead Warning Statement containing specific language as set forth in the regulations;

b.   A statement disclosing the presence of known lead-based paint and lead-based paint hazards or a statement that there is no knowledge of such information;

c.   A list of any records or reports pertaining to lead-based paint and lead-based paint hazards that have been provided to the lessee or a statement that there are no such reports;

d.   A statement by the tenant affirming receipt of the information set out in paragraphs 13 and 14, above; and

e.   The signatures of the lessors and agents certifying to the accuracy and completeness of their required disclosures, and signatures of the lessees attesting to their receipt of the required disclosures, along with the dates of all parties' signatures.

16.   Section 1018(b)(5) of the Lead Hazard Reduction Act, 42 U.S.C. § 4852d(b)(5), states that it is a violation of Section 409 of the Toxic Substances Control Act ("TSCA"), 42 U.S.C. § 2689, to fail to comply with a rule issued under 42 U.S.C. § 4852d.

17.   U.S. EPA has subpoena authority under TSCA Section 11, 15 U.S.C. § 2610, to gather evidence to review compliance with Section 1018 of the Lead Hazard Reduction Act, 42 U.S.C. § 4852d.

18.   TSCA Section 15(c), 15 U.S.C. § 2614(c), states that it is unlawful for any person to fail or refuse to (A) establish or maintain records, (B) submit reports, notices or other information, or (C) permit access to or copying of records, as required by this chapter.

- 4 -

19.   TSCA Section 17(a), 15 U.S.C. § 2616(a), provides the district court with jurisdiction over civil actions to restrain any violation of section 2614 or 2689.

**B.   The Violations**

20.   Defendant is a "person" within the meaning of the Lead Hazard Reduction Act and a "lessor" within the meaning of 24 C.F.R. § 35.86 and 40 C.F.R. § 745.103.

21.   Defendant owns and/or manages approximately seventeen residential properties in Minnesota, three residential properties in Wisconsin, and seven residential properties in Indiana, that contain units subject to the Lead Hazard Reduction Act.

22.   For its seventeen residential properties in Minnesota, three residential properties in Wisconsin, and seven properties in Indiana, Defendant has failed to make one or more of the disclosures required by the Lead Hazard Reduction Act or complete one or more of the disclosure activities required by the Lead Hazard Reduction Act.

23.   The acts or omissions referred to in the preceding paragraph constitute violations of the Lead Hazard Reduction Act and its implementing regulations. As a result of such violations, Defendant has denied families residing in the residential properties the opportunity to take steps to protect themselves and their children from lead poisoning.

24.   Further, Defendant has obstructed U.S. EPA's investigation of his compliance with the Lead Hazard Reduction Act, and has violated TSCA by refusing to comply with U.S. EPA's TSCA subpoena.

## FIRST CLAIM FOR RELIEF

25. Section 1018 of the Lead Hazard Reduction Act, 42 U.S.C. § 4852d, and the applicable regulations, found at 24 C.F.R. Pt. 35, Sbpt. A, and 40 C.F.R. Pt. 745, Sbpt. F, impose upon Defendant the requirements identified in Paragraphs 13 through 15 set forth above.

26. Defendant has violated the Lead Hazard Reduction Act by failing to make required disclosures or complete the required disclosure activities and failing to make required disclosures to families leasing residential properties subject to the Lead Hazard Reduction Act. Under Section 1018(b)(2), 42 U.S.C. § 4852d(b)(2) and Section 15 of TSCA, 15 U.S.C. § 2616, because Defendant failed to comply with the Lead Hazard Reduction Act, the United States may seek injunctive relief from Defendant. Defendant may thereby have endangered the health, welfare, or safety of the occupants of these premises.

## SECOND CLAIM FOR RELIEF

27. TSCA Sections 11(c) and 15(3), 42 U.S.C. §§ 2610(c) and 2614(3), impose upon Defendant the requirement to comply with a TSCA subpoena as identified in Paragraphs 17 and 18 set forth above.

28. Defendant has violated TSCA by failing to comply with U.S. EPA's subpoena.

29. Under Section 17 of TSCA, 42 U.S.C. § 2614, because Defendant failed to comply with U.S. EPA's TSCA subpoena, the United States may seek injunctive and declaratory relief from Defendant.

## PRAYER FOR RELIEF

**WHEREFORE,** the United States prays that this Court:

1. Issue a declaratory judgment finding that Defendant failed to comply with the Lead Hazard Reduction Act and TSCA;

2. Issue an order requiring that Defendant comply with the Lead Hazard Reduction Act and TSCA;

3. Require Defendant to take appropriate measures to rectify past violations of the Lead Hazard Reduction Act; and

4. Provide for any and all other relief that this Court deems just and proper.

Respectfully submitted,

FOR THE UNITED STATES OF AMERICA

THOMAS L. SANSONETTI
Assistant Attorney General
U.S. Department of Justice

W. Benjamin Fisherow
Deputy Section Chief
Environmental Enforcement Section
Environment and Natural Resources
    Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044

THOMAS B. HEFFELFINGER
United States Attorney
District of Minnesota

JOAN HUMES
Civil Division Chief

3-30-05

GREGORY G. BROOKER
Attorney Registration No. 166066
Assistant U.S. Attorney
600 U. S. Courthouse
300 South Fourth Street
Minneapolis 55415
(612) 664-5689

- 7 -

OF COUNSEL:

JOHN B. SHUMWAY
LEE ANN LEZZER
Office of General Counsel
U.S. Department of Housing
    and Urban Development
451 7th Street, SW
Room 9262
Washington, D.C. 20410


MARY T. McAULIFFE
Associate Regional Counsel
U.S. Environmental Protection
  Agency, Region 5
77 West Jackson Boulevard
Chicago, IL 60604-3590